JOHN B. SULLIVAN (State Bar No. 96742)
jbs@severson.com
ERIK KEMP (State Bar No. 246196)
ek@severson.com
MARY KATE KAMKA (State Bar No. 282911)
mkk@severson.com
SEVERSON & WERSON
A Professional Corporation
One Embarcadero Center, Suite 2600
San Francisco, California 94111
Telephone: (415) 398-3344
Facsimile: (415) 956-0439

Attorneys for Defendant ALLY FINANCIAL INC.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH RILEY and DANIELLE RILEY, individually and on behalf of a class of similarly situated persons,<br><br>Plaintiffs,<br><br>vs.<br><br>ALLY FINANCIAL, INC., fka GMAC, a Corporation,<br><br>Defendant. | Case No. **14CV1035 LAB DHB**<br><br>**NOTICE OF REMOVAL TO FEDERAL COURT UNDER THE CLASS ACTION FAIRNESS ACT [28 U.S.C. §§1332(d), 1453(b)]** |

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA AND ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1441, 1446, and 1453, defendant Ally Financial Inc. ("Ally") hereby removes the above-captioned action from the Superior Court of the State of California, in and for the County of San Diego, to the United States District Court, Southern District of California.  Ally alleges that it is entitled to removal pursuant to the Class Action Fairness Act, 28 U.S.C. §§ 1332(d), 1453, as follows:

1.  Ally is a named defendant in the civil action filed on or about March 24, 2014 by plaintiffs Joseph and Danielle Riley in the Superior Court of the State of California, in and for the

1  County of San Diego, entitled *Joseph and Danielle Riley v. Ally Financial*, case no. 2014-
2  00007960-CU-BT-CTL (the "State Court Action").  The complaint attempts to allege three counts:
3  for violation of California's Unfair Competition Law, Bus. & Prof. Code, § 17200 *et seq.*, for
4  declaratory and injunctive relief, and for negligence.

5        2.      On March 25, 2014, Ally was served with the summons, complaint, general order
6  of the presiding department no. 010313, electronic filing requirements of the San Diego Superior
7  Court, notice of case assignment and case management conference on mandatory efile case,
8  alternative dispute resolution (ADR) information, and stipulation to use of alternative dispute
9  resolution.  True copies of all these documents are attached as Exhibit A.  Ally has not yet
10 answered or otherwise responded to the complaint in the State Court Action.  Accordingly, the
11 documents attached as Exhibit A constitute all pleadings, process, and orders served on Ally in the
12 State Court Action, as required by 28 U.S.C. § 1446(a).

13       3.      Removal to this district court is proper because this is the district which embraces
14 the county in which plaintiff filed the State Court Action.  28 U.S.C. § 1441(a).

15       4.      This is a civil class action of which this Court has original jurisdiction under
16 28 U.S.C. §1332(d)(2) and is one which may be removed to this Court by Ally pursuant to
17 28 U.S.C. §§1441(a), 1446, and 1453(b).  "Federal jurisdiction under CAFA has three elements:
18 (1) there must be minimal diversity of citizenship between the parties, (2) the proposed class must
19 have at least 100 members and (3) the amount in controversy must 'exceed[ ] the sum or value of
20 $5,000,000.' "  *Kuxhausen v. BMW Financial Services NA LLC*, 707 F.3d 1136, 1139 (9th Cir.
21 2013) (*citing* 28 U.S.C. § 1332(d)) (footnote omitted).  This is a putative class action involving
22 more than 100 alleged class members in which at least one member of the alleged class is a citizen
23 of a State different than Ally and the amount that plaintiffs' allegations place in controversy
24 exceeds $5 million, exclusive of costs and interest.

25       5.      *Class Action*.  This action is a class action within the meaning of 28 U.S.C.
26 § 1332(d)(1)(B). Paragraph 8 of the complaint alleges that this is a class action brought pursuant
27 to Rule 23 of the Federal Rules of Civil Procedure on behalf of all California consumers whose
28 vehicles were repossessed, against whose accounts deficiency balances were assessed following

1   the sales of their vehicles, and to whom Ally issued form 1099-Cs for the waiver of a deficiency

2   balance within four years prior to the filing of the action.

3        6.    *Numerosity*.  The alleged class consists of more than 100 members.  Ally has

4   reviewed its records and determined that there are more than 100 persons who fall within the

5   putative class definition alleged in the complaint.

6        7.    *Minimal Diversity*.  A member of the alleged class is a citizen of different State

7   than Ally.

8        a.    Plaintiff were, and still are, citizens of the State of California.  Paragraph 4

9   of the complaint alleges that plaintiffs are California consumers.

10       b.    One or more members of the alleged putative class are citizens of the State

11  of California.  Paragraph 8 of the complaint defines the class as California consumers who meet

12  certain other criteria.

13       c.    Ally is not, and, at the time plaintiffs filed their complaint, was not, a

14  citizen of the State of California, but of the State of Delaware, where Ally was and is incorporated,

15  and the State of Michigan, where Ally has and had its principal place of business.  Accordingly,

16  Ally is a citizen of Delaware and Michigan, not California.

17       d.    The citizenship of Does 1 through 10 is disregarded pursuant to 28 U.S.C.

18  § 1441(a).  *See Cripps v. Life Ins. Co. of Am.*, 980 F.2d 1261, 1266 (9th Cir. 1992).

19       8.    *Amount in Controversy*.  The matter in controversy in this action exceeds the sum

20  or value of $5 million, exclusive of interest and costs, when the claims of all class members are

21  aggregated as provided in 28 U.S.C. § 1332(d)(6).  *See Standard Fire Ins. Co. v. Knowles*, 133 S.

22  Ct. 1345, 1348, 185 L. Ed. 2d 439 (2013).

23       a.    The complaint does not explicitly allege the value of the matter in

24  controversy in this action.  Ally denies it has any liability to plaintiffs or the putative class they

25  seek to represent, and it need not concede liability to establish the amount in controversy.  *See*

26  *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010).  Nevertheless, a fair reading

27  of the allegations in plaintiffs' complaint demonstrates that it is more likely than not that the

28  amount in controversy exceeds the $5 million threshold.  *See Knowles*, 133 S. Ct. at 1348;

*Rodriguez v. AT & T Mobility Servs. LLC*, 728 F.3d 975, 978-982 (9th Cir. 2013). The complaint alleges that post-repossession notices of intent (NOIs) Ally sent to the putative class are defective (*see* Compl., ¶¶ 11(a)-(c)) and, as a result, that Ally's assertion of a deficiency balance following the sale of putative class members' vehicles is unlawful and that the issuance of 1099-Cs after the cancellation of those debts was wrongful. *Id.*, ¶¶ 19, 20, 32.  The complaint seeks compensatory damages, restitution and disgorgement of profits, declaratory and injunctive relief, an order requiring Ally to withdraw or correct any 1099-Cs and then waive the deficiency balances without the reissuance of 1099-Cs, attorneys' fees, costs and expenses. *Id.*, ¶¶ 25-29, 34, 37; Prayer, ¶¶1-12.  This relief is sought on sought on behalf of the putative class of persons alleged above. *Id.*, ¶ 8.

   b.  Based on a review of its records, Ally has determined that the number of customers (1) who entered into retail installment sale contracts in California that were assigned to Ally; (2) whose vehicles were repossessed; (3) against whose accounts deficiency balances remained after the sales of the vehicles; (4) and against whose accounts Ally issued a 1099-C at any time between March 24, 2010 and the present exceeds 100 persons.  Ally has further determined that the amount of deficiency balances waived when the 1099-Cs were issued, combined with the amount of deficiency payments collected on such accounts, exceeds $5 million.  As plaintiffs seek the waiver of all outstanding deficiency balances and restitution of all deficiency payments made, the amount in controversy exceeds $5 million.  Compl., ¶¶ 27-29; prayer, ¶¶ 2 8,, 10-12.

   c.  The complaint also seeks declaratory relief determining that putative class members do not owe Ally their deficiency balances, a withdrawal of any 1099-Cs issued, and a waiver of the original deficiency balances owed without any reissuance of 1099-Cs.  *See* Compl., ¶¶ 20, 21; prayer ¶¶ 8, 10.  In an action seeking declaratory relief, the amount in controversy is measured by the value of the object of the litigation.  *See Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002).  In this case, the objects of the litigation are putative class members' deficiency balances.  Ally has reviewed its records and determined that the amount of deficiency balances remaining after the sales of putative class members' vehicles exceeds $ 5 million.  As

plaintiffs seek the waiver of those deficiency balances, the amount in controversy is satisfied for that additional reason. *See, e.g., Nguyen v. Wells Fargo Bank, N.A.,* 749 F. Supp. 2d 1022, 1028-29 (N.D. Cal. 2010); *Delgado v. Bank of America Corp.,* 2009 WL 4163525, at *6 (E.D. Cal. 2009); *Duran v. Aurora Loan Services*, 2009 WL 1110645, *3 (E.D. Cal. 2009).

        d.      The complaint also seeks awards of damages, which are properly considered in the amount in controversy since damages are recoverable on a negligence claim. Compl., ¶ 38 ; prayer, ¶¶ 3, 11. Though difficult to quantify at this juncture, the prayer for additional damages further shows the amount in controversy more likely than not exceeds $5 million.

        e.      The complaint also seeks attorney fees (*id.*, ¶¶ 26, 38; prayer, ¶ 4), which are properly considered in the amount in controversy since they may be recoverable under plaintiffs' claims. *See Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994, 1000 (9th Cir. 2007); *Williamson v. Aetna Life Ins. Co.*, 481 F.3d 369, 376-77 (6th Cir. 2007). Though Ally denies plaintiffs will prevail or have any right to attorney fees, the Court may consider an award of 25% of the potential amount in controversy in determining whether CAFA jurisdiction is satisfied. See *Heejin Lim v. Helio, LLC*, CV 11-9183 PSG PLAX, 2012 WL 359304, at *3 (C.D. Cal. Feb. 2, 2012) (*citing Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007)). The potential award of attorney fees further shows it is more likely than not that the amount in controversy exceeds $5 million.

    9.      This notice of removal is timely pursuant to 28 U.S.C. § 1446(b) because it is being filed and served within 30 days service of the complaint on Ally. *See Kuxhausen*, 707 F.3d at 1139-43.

    10.     As required by 28 U.S.C. § 1446(d), Ally will provide written notice of the removal of this action to plaintiffs and to the San Diego County Superior Court.

WHEREFORE, Ally prays that the State Court Action be removed from state court to this Court and that this Court assume jurisdiction over the action and determine it on the merits.

| | | |
|---|---|---|
| 1 | DATED: April 24, 2014 | SEVERSON & WERSON<br>A Professional Corporation |
| 2 | | |
| 3 | | |
| 4 | | By:  _____/S/ Erik Kemp_____ |
| 5 | | Erik Kemp |
| 6 | | Attorneys for Defendant ALLY FINANCIAL INC. |