CT Corporation

**Service of Process Transmittal**
03/25/2014
CT Log Number 524646044



TO:   Timothy Devine
Ally Financial Inc.
MC 482-B09-B11, 200 Renaissance Center
Detroit, MI 48265-2000

RE:   **Process Served in California**

FOR:   Ally Financial Inc. (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Joseph Riley and Danielle Riley, individually and on behalf of a class of similarly situated persons, Pltfs. vs. Ally Financial Inc., etc., Dft. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, General Order, Attachment(s), Notice(s), ADR Packets, Stipulation |
| **COURT/AGENCY:** | San Diego County - Superior Court - San Diego, CA<br>Case # 37201400007960CUBTCTL |
| **NATURE OF ACTION:** | Class Action - Seeking Declaratory and Injunctive relief enjoining Defendant from engaging any act or practice constituting unfair competition under Business & Professions Code |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 03/25/2014 at 14:30 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | Earliest Answer Date - Within 30 days after service (Document(s) may contain additional answer dates) |
| **ATTORNEY(S) / SENDER(S):** | Michael E. Lindsey<br>4455 Marena Blvd., Ste. 207<br>San Diego, CA 92117<br>858-270-7000 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via Fed Ex 2 Day , 798336563407<br>Image SOP |
| **SIGNED:** | C T Corporation System |
| **PER:** | Nancy Flores |
| **ADDRESS:** | 818 West Seventh Street<br>Los Angeles, CA 90017 |
| **TELEPHONE:** | 213-337-4615 |

Page 1 of  1 / MS

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

ALLY FINANCIAL INC., fka GMAC, a Corporation

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

JOSEPH RILEY and DANIELLE RILEY, individually and on behalf of
a class of similarly situated persons

| FOR COURT USE ONLY *(SOLO PARA USO DE LA CORTE)* |
|---|
| **ELECTRONICALLY FILED** Superior Court of California, County of San Diego **03/24/2014** at 03:22:32 PM Clerk of the Superior Court By Alicia Fletes, Deputy Clerk |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: *(El nombre y dirección de la corte es):* San Diego Superior Court | **CASE NUMBER:** *(Número del Caso):* 37-2014-00007980-CU-BT-CTL |
|---|---|

330 W. Broadway
San Diego CA 92101

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Michael E. Lindsey, Attorney at Law, 4455 Morena Blvd., Ste. 207, San Diego CA 92117-4325, 858/270-700

| DATE: 03/24/2014 *(Fecha)* | Clerk, by *(Secretario)* A. Fletes | , Deputy *(Adjunto)* A. Fletes |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**[SEAL]**

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☑ on behalf of *(specify):* ALLY FINANCIAL INC., fka GMAC, a Corporation

under: ☑ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use Judicial Council of California SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465 www.courtinfo.ca.gov |
|---|---|---|

1 John W. Hanson, SBN: 214771
 The Hanson Law Firm
2 16870 W. Bernardo Dr., Ste. 400
 San Diego, CA 92127
3 Phone: (858) 451-0291
 Fax: (858) 451-0281
4 EMail: john@thesandiegolemonlawyer.com

5

6 Michael E. Lindsey, SBN: 99044
 Attorney at Law
 4455 Morena Blvd., Ste. 207
7 San Diego, CA 92117-4325
 Phone: (858) 270-7000
8 EMail: mlindsey@lemonlawcenter.com

9 Attorneys for Plaintiffs

10

11    SUPERIOR COURT OF THE STATE OF CALIFORNIA

12     IN AND FOR THE COUNTY OF SAN DIEGO

13

14

15 JOSEPH RILEY and DANIELLE RILEY, Case No.  37-2014-00007960-CU-BT-CTL
 individually and on behalf of a class of
 similarly situated persons, **COMPLAINT**
16
     **CLASS ACTION**
17    Plaintiffs,
     Violation of Cal. Bus. & Prof. Code
18 v. §§17200, et seq., Negligence, and
     Declaratory Relief
19 ALLY FINANCIAL INC., fka GMAC, a
 Corporation,

20

21    Defendant(s). **JURY TRIAL DEMANDED**

22

ELECTRONICALLY FILED
Superior Court of California,
County of San Diego

03/24/2014 at 03:22:32 PM

Clerk of the Superior Court
By Alicia Fletes,Deputy Clerk

23   Plaintiffs, JOSEPH and DANIELLE RILEY, on behalf of themselves and all others

24 similarly situated, all to the best of their knowledge, information, and belief formed after

25 an investigation reasonable under the circumstances, which facts are likely to have

26 evidentiary support after a reasonable opportunity for further investigation and

27 discovery, except for information identified herein based on personal knowledge, hereby

28 alleges as follows against the above-named company, ALLY FINANCIAL INC., fka

CLASS ACTION COMPLAINT, *Riley v. Ally Financial*        1

1  GMAC, a Corporation ("Defendant" or "Ally Financial"):

2  **JURISDICTION AND VENUE**

3  1.  This Court has jurisdiction over all causes of action asserted herein pursuant to

4  the California Constitution, Article VI, Section 10, because this case is a cause

5  not given by statute to other trial courts.

6  2.  This Court has jurisdiction over Defendants because each are individuals,

7  associations, or corporations that are either authorized to conduct or, in fact, do

8  conduct substantial business in the State of California.

9  3.  Venue is proper in this County pursuant to Code of Civil Procedure § 395(b)

10  because Defendant is doing business in the County of San Diego and because

11  class members reside in the county. Thereby, Plaintiff and Class members were

12  injured and/or subjected to irreparable harm in this venue. Defendants received

13  substantial compensation and profits from their products and services in this

14  County, caused misrepresentations to be disseminated, entered into agreements

15  and transactions, and breached agreements in this County.

16  **PARTIES**

17  4.  Unless otherwise noted, every PLAINTIFF named in this Complaint is a natural

18  person and California consumer who purchased a vehicle primarily for personal,

19  family or household use pursuant to a Retail Installment Sales Contract financed

20  by Ally Financial. On information and belief Ally Financial is a business entity

21  that is licensed to transact business in California and is engaged in the business

22  of purchasing and servicing Retail Installment Sales Contracts ("RISCs") for

23  motor vehicles that it acquires from dealers statewide in California, including in

24  this County.

25  5.  Unless otherwise noted, every Defendant named in this Complaint is a

26  corporation, or business entity form unknown.

27  6.  PLAINTIFFS are ignorant of the true names and capacities of the Defendants

28  sued herein under the fictitious names DOES 1 to 30. They are sued herein

CLASS ACTION COMPLAINT, *Riley v. Ally Financial*                    2

1  pursuant to C.C.P. § 474. When PLAINTIFFS become aware of the true names

2  and capacities of the Defendants sued as DOES 1 to 10, Plaintiff will amend this

3  Complaint to state their true names and capacities.

4  7.  Each Defendant sued herein was the principal, agent, or employee of the other,

5  and was acting within the scope of such agency or employment. Each

6  Defendant sued herein was the co-conspirator of the other and was acting within

7  the course and scope of a conspiracy formed amongst each of them. Each

8  Defendant sued herein aided and abetted the other with the intent that each

9  would be successful in their mutual endeavors. Each Defendant sued herein

10  received money or property as a result of the conduct described herein without

11  consideration therefore and/or with knowledge that the money or property was

12  obtained as a result of the fraud, breach of fiduciary duty, or other wrongful

13  conduct described herein. Each entity Defendant sued herein is a shell

14  organization, and is actually the alter ego of the other Defendants sued herein.

15

16  **CLASS ACTION ALLEGATIONS**

17  8.  Plaintiffs bring this action on behalf of a class of similarly situated California

18  consumers pursuant to Rule 23 of the Federal Rules of Civil Procedure to

19  challenge and remedy Ally Financial's wrongful business practices. Plaintiffs

20  seek relief for the following class of persons (the "Class"):

21  All California consumers whose vehicle was repossessed pursuant to a

22  California Retail Installment Sales Contracts, who were entitled to

23  reinstate their contract, for whom Ally Financial issued an IRS Form

24  1099-C for post-repossession sale deficiency amounts, and where the

25  1099-C was issued within four years prior to the filing of this Complaint.

26  The Class excludes the Court and its staff, all employees of Ally Financial

27  and its affiliates.

28  9.  Plaintiffs are informed and believe, and on that basis allege, that the proposed

CLASS ACTION COMPLAINT, *Riley v. Ally Financial*                                   3

1   Class is so numerous that the individual joinder of all its members in one action is
2   impracticable. While the exact number and the identities of Class members are
3   not known at this time, they can be ascertained through appropriate investigation
4   and discovery through the records of Ally Financial.

5   10.   Questions of law and fact of common and general interest to the class exist as to
6   all class members and predominate over any questions affecting only individual
7   members of the class.

8   11.   The common questions include, among others, the following:

9   (a)   whether Ally Financial sent Notices of Intent to Sell ("NOIs") to proposed
10   Class members that informed them of all the conditions precedent to
11   reinstatement or whether Ally Financial imposed other conditions
12   precedent to reinstatement in addition to those disclosed on its NOIs;

13   (b)   whether Ally Financial's NOIs complied with the ASFA;

14   (c)   whether Ally Financial complied with the other requirements of the ASFA;

15   (d)   whether Ally Financial has engaged in unlawful, unfair or deceptive
16   business practices in taking tax benefits for forgiving debts it was never
17   owed;

18   (e)   whether Ally Financial has engaged in unlawful, unfair or deceptive
19   business practices in causing class members to incur tax liability so that
20   Ally Financial could obtain tax benefits;

21   (f)   the amount of revenues and profits Ally Financial received or saved and/or
22   the amount of monies or other obligations imposed on or lost by Class
23   members as a result of such wrongdoing;

24   (g)   the amount of profits Ally Financial made from issuing 1099-Cs to Class
25   members;

26   (h)   whether the Class members are threatened with irreparable harm and/or
27   are entitled to injunctive and other equitable relief, and, if so, what is the
28   nature of such relief; and

CLASS ACTION COMPLAINT, *Riley v. Ally Financial*                                    4

1      (i)    whether Plaintiffs and the Class members are entitled to restitution,

2      statutory, actual or exemplary damages, and/or equitable monetary relief

3      from Ally Financial and, if so, what is the nature and appropriate measure

4      of such relief.

5  12.  Plaintiffs' claims are typical of the claims of the class because Plaintiffs and all

6      Class members were injured by the same wrongful conduct and scheme of the

7      Defendant alleged herein.

8  13.  Plaintiffs will fairly and adequately represent the interests of the Class.  Plaintiffs'

9      interests are not antagonistic to the interests of the proposed class.  Plaintiffs are

10      represented by attorneys who are competent and experienced in consumer class

11      action litigation.

12  14.  A class action is superior to other available methods for the fair and efficient

13      adjudication of this controversy because the harm suffered by each individual

14      member is relatively slight compared to the expense and burden of prosecuting

15      such an individual case.

16  15.  If individual class members were required to bring separate actions, courts

17      throughout California would be confronted by a multiplicity of lawsuits burdening

18      the court system while also creating the risk of inconsistent rulings and

19      contradictory judgments. In contrast to proceeding on a case-by-case basis, in

20      which inconsistent results will magnify the delay and expense to all parties and

21      the court system, this class action presents far fewer management difficulties

22      while providing unitary adjudication, economies of scale and comprehensive

23      supervision by a single court.  Defendant has acted on grounds generally

24      applicable to the entire Class, thereby making final injunctive relief or

25      corresponding declaratory relief appropriate with respect to the Class as a whole.

26      Notice of the pendency of and any resolution of this action can be provided to the

27      Class members by individual mailed notice or the best notice practicable under

28      the circumstances.

16.   In addition, because few attorneys in California are experienced or
      knowledgeable about the areas of law involved, it is extremely unlikely that
      consumers harmed by Ally Financial's illegal, unfair or deceptive practices would
      ever recover anything unless this case proceeds as a class action.

### FIRST CAUSE OF ACTION
### BY PLAINTIFFS AND THE CLASS AGAINST DEFENDANT
### VIOLATION OF BUSINESS & PROFESSIONS CODE § 17200 - UNFAIR
### COMPETITION

17.   Plaintiffs and the Class members hereby incorporate the preceding paragraphs
      as if fully alleged herein and further allege as follows.

18.   Defendant has engaged in an unlawful, unfair or fraudulent business act and/or
      practice within the meaning of California Business & Professions Code §17200.
      Plaintiff has been injured in fact by the unlawful, unfair and deceptive business
      practices of defendant.

19.   Defendant has engaged in "unlawful" business acts and practices by violating the
      ASFA., Cal.Civ.Code § 2983.2(a)(2), and Internal Revenue Regulations and
      Rules, *inter alia.*

20.   Ally Financial failed to comply with the requirements of the ASFA, including but
      not limited to, Civil Code § 2983.2(a)(2), and therefore never had any valid claim
      to post-repossesion sale deficiency debt from the Class members.   Ally Financial
      engaged in business practices that violate California's Unfair Competition Law
      ("UCL"), California Business & Professions Code § 17200 *et seq.,* among other
      laws, by issuing false 1099-Cs and otherwise claiming debt forgiveness of debt
      that was never in fact owed.   On information and belief, AmeirCredit issued
      1099-Cs in order to obtain tax and other economic benefits at the expense of
      Class members. Due to the wrongful 1099-C claims, Class members have paid
      substantial additional taxes to the IRS, face onerous IRS collections activities,
      require tax liability consultation and defense expenses, among other economic
      harm, all for the alleged benefit of Ally Financial's unfair, false, fraudulent,

CLASS ACTION COMPLAINT, *Riley v. Ally Financial*                                    6

1   unlawful, and deceptive claims of debt forgiveness. Plaintiff will amend this
2   complaint to describe Ally Financial's other practices that violate the UCL at the
3   end of the discovery period in this case.

4   21.   By engaging in the above-described conduct, Ally Financial has engaged in an
5   "unfair" business acts or practices that offend public policy and are substantially
6   injurious to consumers. Ally Financial's acts and practices have no utility that
7   outweighs the substantial harm to consumers.  Ally Financial knew or should
8   have known that the post repossession Notices were defective, that the
9   deficiencies were invalid, that there was in fact no debt to cancel, no tax liability
10   of the class members, and no tax benefit due to Ally Financial from the
11   cancellation of invalid deficiencies.

12   22.   By engaging in the above-described conduct, Defendant has engaged in a
13   "fraudulent" business act or practice that are likely to deceive the courts, the
14   public, and affected consumers as to their legal rights and obligations, and by
15   using such deception, preclude consumers from exercising legal rights to which
16   they are entitled.

17   23.   Defendant need only to have violated one of the three provisions set forth above
18   to be strictly liable under this Count.

19   24.   The above-described unlawful, unfair or fraudulent business acts and practices
20   engaged in by Defendant continue to this day and present a threat to Plaintiffs
21   and the Class in that Defendant has failed to publicly acknowledge the
22   wrongfulness of their actions, issue individual and comprehensive corrective
23   notices to Class members and the IRS, and provide full equitable monetary relief
24   to all persons with a vested interest therein.

25   25.   As a direct result of the above-mentioned acts, Ally Financial received and
26   continues to hold ill-gotten gains from, *inter alia*, unearned tax benefits from the
27   alleged debt cancellation and debt forgiveness, together with profits and interest
28   derived from that money.

26.   Pursuant to the UCL, Plaintiffs seek an order enjoining Ally Financial from engaging in the acts and practices described in this complaint, and ordering that Ally Financial disgorge all ill-gotten gains and provide appropriate restitution to all affected consumers. In addition, pursuant to C.C.P. § 1021.5, Plaintiffs seek recovery of their attorneys' fees, costs and expenses incurred in the filing and prosecution of this action, together with such other relief the Court deems appropriate.

27.   Pursuant to California Business & Professions Code §17203, Plaintiff, individually and on behalf of the Class, seeks an order of this Court requiring Defendant to immediately cease such acts of unfair competition and enjoining Defendant from continuing to conduct business via the unlawful, fraudulent or unfair business acts and practices complained of herein and from failing to fully disclose the true nature of their misrepresentations, and requiring Defendant indemnify Plaintiffs and Class members for any losses incurred resulting from the issuance of 1099-Cs, and ordering Defendant to engage in a corrective informational campaign, and issue corrective 1099-Cs.

28.   As a direct result of the above-mentioned acts, Ally Financial received and continues to hold ill-gotten gains, together with profits and interest derived from that money. Plaintiff, therefore, additionally requests an order from the Court requiring Defendants to provide complete equitable monetary relief, including that they disgorge and return or pay over Defendant's ill-gotten gains and such other monies as the trier of fact may deem necessary to deter such conduct or prevent the use or enjoyment of all monies wrongfully obtained either directly or indirectly, and/or pay restitution, plus any interest earned by Defendant on such sums.

29.   Such an order is necessary so as to require Defendant to surrender all money obtained either directly or indirectly through such acts of unfair competition, including all monies earned as a result of such acts and practices, so that

CLASS ACTION COMPLAINT, *Riley v. Ally Financial*                                                  8

1    Defendant are prevented from benefitting or profiting from practices that

2    constitute unfair competition or the use or employment by Defendant of any

3    monies resulting from illegal collections and/or to ensure the return of any monies

4    as may be necessary to restore to any person in interest who lost money or

5    property as a result of such acts or practices any money or property which may

6    have been acquired by means of such acts of unfair competition.  Plaintiffs also

7    request the Court order that an asset freeze or constructive trust be imposed

8    over all monies that rightfully belong to members of the Class.

9

10   **SECOND CAUSE OF ACTION**
     **BY PLAINTIFFS AND THE CLASS AGAINST DEFENDANT FOR DECLARATORY**
11   **AND INJUNCTIVE RELIEF**

12   30.   Plaintiffs and the Class members hereby incorporate the preceding paragraphs

13         as if fully alleged herein and further allege as follows.

14   31.   The class members' consumer retail installment sales contracts assigned to Ally

15         Financial are and were subject to the protections of Rees-Levering.

16   32.   Because Ally Financial sent post-repossession notices that violated

17         Rees-Levering's requirements, Plaintiffs and the Class are not and were never

18         liable for any post-repossession sale deficiencies on their contracts.

19         Nonetheless defendant Ally Financial sent a  Form 1099-C, Cancellation of

20         Debt Notice to the Internal Revenue Service for the invalid deficiency debt,

21         thereby causing the class members harm regarding tax liability for the purported

22         benefit of the forgiveness of invalid deficiency amounts, and Ally Financial

23         received a tax benefit.

24   33.   There exists a present and actual dispute between Plaintiffs and the Class on the

25         one hand, and Ally Financial on the other hand. Ally Financial asserts that

26         Plaintiff and the class are or were liable to it for the post-repossession sale

27         deficiency amounts. Plaintiff and the class contend that Ally Financial's deficiency

28         claims are invalid due to its violations of the Rees-Levering Act, and that there is

CLASS ACTION COMPLAINT, *Riley v. Ally Financial*                                    9

1          no deficiency debt to forgive.

2   34.    Plaintiffs and the Class seek a declaration as to the respective rights, remedies,

3          and obligations of the parties, a determination that the subject post-repossession

4          notices are defective, and for judgment declaring that they were never liable to

5          Ally Financial for the deficiency balances on the contracts, and therefore any

6          reported debt cancellation to the IRS and 1099-C forms were improper.

7

8         **THIRD CAUSE OF ACTION**
      **BY PLAINTIFFS AND THE CLASS AGAINST DEFENDANT FOR NEGLIGENCE**

9   35.    Plaintiffs and the Class members hereby incorporate the preceding paragraphs

10         as if fully alleged herein and further allege as follows.

11   36.    Ally Financial owed a duty to its customers, Plaintiffs and Class members, to

12         conduct its accounting and tax reporting activities with reasonable care.

13   37.    Ally Financial breached its duty by failing to exercise ordinary care and due

14         diligence in reporting debt cancellation to the IRS on non-existent debt and even

15         after a judicial determination that no debt was ever owed and its NOI's failed to

16         comply with the ASFA, *inter alia*. Ally Financial ignored its duties resulting in past

17         and potential future harm to the Plaintiffs and Class members.

18   38.    As a direct and proximate result of Ally Financial's negligence, Plaintiffs and

19         Class members are entitled to recover compensatory damages in an amount to

20         be proven at trial. In addition, under the "tort of another doctrine," Plaintiffs and

21         Class members are entitled to all attorney's fees reasonably incurred.

22                               **PRAYER**

23         PLAINTIFFS and the CLASS MEMBERS PRAY for judgment against Defendant

24   as follows:

25       1.     For PLAINTIFFS' damages in an amount according to proof.

26       2.     For restitution and a disgorgement of profits.

27       3.     For any consequential and incidental damages.

28       4.     For costs of the suit and PLAINTIFFS' and Class members' reasonable

1    attorneys fees, pursuant to C.C.P. §1021.5 and/or the Tort-of-Another

2    Doctrine.

3    5.   For an order enjoining Defendant from engaging any act or practice

4    constituting unfair competition under Business & Professions Code §

5    17200 and/or a violation of Business & Professions Code § 17531, and

6    requiring Defendant to take any acts needed to prevent future wrongdoing

7    based upon Defendant's prior misconduct.

8    6.   For prejudgment interest at the legal rate.

9    7.   For an order certifying the Class and appointing Plaintiff and his counsel

10   as Class Representative and Class Counsel.

11   8.   For a determination that the NOI Ally Financial sent to Plaintiffs following

12   the repossession of the Vehicle failed to comply with the ASFA and that as

13   a consequence  Plaintiffs and Class members were never indebted to Ally

14   Financial regarding post-repossession deficiency amounts, and that

15   issuance of the 1099-Cs was improper.

16   9.   For a determination that the other NOIs that Ally Financial sent to the

17   members of the Class contained the same defects as the NOI Ally

18   Financial sent to Plaintiffs and that, as a consequence, Plaintiffs and Class

19   members were never indebted to Ally Financial regarding post-

20   repossession deficiency amounts, and that issuance of the 1099-Cs was

21   improper.

22   10.  For an order requiring Ally Financial to send corrective notices to the IRS,

23   Plaintiffs, and the Class members withdrawing and/or correcting all 1099-

24   C notices and clarifying that no debt was ever owed or subject to

25   cancellation, *inter alia*.

26   11.  For an Order requiring Ally Financial to indemnify Plaintiffs and Class

27   members for any and all losses regarding IRS tax assessments and/or

28   defense costs resulting from the issuance of the 1099-C.

CLASS ACTION COMPLAINT, *Riley v. Ally Financial*                    11

1     12.    And for such other relief as the Court may deem proper.

2

3                          **DEMAND FOR JURY TRIAL**

4            PLAINTIFFS and the CLASS MEMBERS hereby demand a jury trial on all

5     causes of action asserted herein.

6

7     March 23, 2014

8

9                                    By: /s/ Michael E.  Lindsey
                                         MICHAEL E.  LINDSEY
10                                       Attorney for PLAINTIFFS

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

      CLASS ACTION COMPLAINT, *Riley v. Ally Financial*

F I L E D
Clerk of the Superior Court

JAN 03 2013

By:  Amy Kelfers

1
2
3
4
5
6
7
8      THE SUPERIOR COURT OF THE STATE OF CALIFORNIA
9                    COUNTY OF SAN DIEGO
10
11   IN RE PROCEDURES REGARDING         ) GENERAL ORDER OF THE
                                        ) PRESIDING DEPARTMENT
12   ELECTRONIC FILING                  )
                                        ) ORDER NO. 010313
13                                      )
                                        )
14
15         THIS COURT FINDS AND ORDERS AS FOLLOWS:

16         On August 1, 2011, the San Diego Superior Court ("court") began an Electronic

17   Filing and Imaging Pilot Program ("Program") designed to reduce paper filings and storage,

18   facilitate electronic access to civil court files and, in Phase Two, allow remote electronic

19   filing ("E-File" or "E-Filing") of papers in civil cases. The ultimate goal of the Program is to

20   create a paperless or electronic file in all civil cases, as well as in other case categories.

21         Phase One of the Program, described in General Order: *In re Procedures*

22   *Regarding Electronically Imaged Court Records, Electronic Filing, and Access to Electronic*

23   *Court Records*, involved the court's scanning of papers in newly filed cases in designated

24   divisions and departments (the "Imaging Project"). Phase Two of the Program is the

25   implementation of electronic filing by counsel and parties through the court's E-File Service

26   Provider.

27         Electronic filing under Phase Two of the Program will initially be limited to the

28   Central Civil Division only. Probate and North County Civil Divisions of the Superior Court

are excluded from Phase Two of the Program. This General Order relates to Phase Two, and supplements General Order: *In re Procedures Regarding Electronically Imaged Court Records, Electronic Filing, and Access to Electronic Court Records.*

Permissive E-Filing will begin January 7, 2013 in predetermined non-mandated civil cases in the Central Division, and expand as resources permit. Beginning March 4, 2013, E-Filing will be mandatory in certain types of cases. Further information on these initiatives can be found on the court's website, at www.sdcourt.ca.gov.

Filing and service of documents by electronic means is governed by Code of Civil Procedure Section 1010.6 and California Rules of Court ("CRC"), rules 2.250 et seq. and CRC 2.30. In addition, the San Diego Superior Court's specific requirements for E-Filing are available on the court's website. Litigants and attorneys electronically filing documents must comply with all applicable rules and requirements.

**GENERAL E-FILING REQUIREMENTS**

Documents can only be electronically filed through the court's electronic service provider (the "Provider"). E-File Provider information is available on the court's website.

Any document filed electronically shall be considered as filed with the Clerk of the Superior Court when it is first transmitted to the Provider and the transmission is completed, except that any document filed on a day that the court is not open for business, or after 5:00 p.m. (Pacific Time) on a day the court is open for business, shall be deemed to have been filed on the next court day.

Pursuant to Government Code section 68150 and California Rules of Court, rule 2.504, electronic documents, whether imaged by the court or filed by the parties, are certified as official records of the court.

Additional and more specific information on electronic filing can be found on the court's website.

///

///

///

1    This Order shall expire on December 31, 2013, unless otherwise ordered by this

2  court.

3    IT IS SO ORDERED.

4  Dated: January 3, 2013

*Robert Trentacosta*

5  **ROBERT J. TRENTACOSTA**
   **Presiding Judge**

## ELECTRONIC FILING REQUIREMENTS OF THE

## SAN DIEGO SUPERIOR COURT

These requirements are issued pursuant to California Rules of Court ("CRC"), rules 2.250 et seq., Code of Civil Procedure Section 1010.6, and San Diego Superior Court General Order: In re Procedures Regarding Electronically Imaged Court Records, Electronic Filing, and Access to Electronic Court Records.

**Effective November 1, 2013, documents that are determined to be unacceptable for eFiling by the Court due to eFiling system restrictions or for failure to comply with these requirements will be rejected subject to being allowed to be filed nunc pro tunc to the original submittal date upon ex-parte application to the court and upon good cause shown.**

It is the duty of the plaintiff (and cross-complainant) to serve a copy of the General Order of the Presiding Department, Order No. 010313, and Electronic Filing Requirements of the San Diego Superior Court with the complaint (and cross-complaint).

## PERMISSIVE eFILING

Effective January 7, 2013, the court allowed subsequent documents to be filed electronically in predetermined non-mandated civil cases in the Central Division by the Soft Launch Authorized Project Participants.

Revised 11-5-13

**Effective March 4, 2013**, documents **may be filed electronically** in non-mandated civil cases in the Central Civil Division where either: (1) the case is first initiated on or after March 4, 2013; or (2) the case is already pending as of March 4, 2013 and has been imaged by the court.

## MANDATORY eFILING

The case types that shall be subject to mandatory eFiling are: civil class actions; consolidated and coordinated actions where all cases involved are imaged cases; and actions that are provisionally complex under CRC 3.400 – 3.403 (as set forth in the Civil Case Cover Sheet, Judicial Council form CM-010 – but not including Construction Defect actions). "Complex cases" included in mandatory eFiling include Antitrust/Trade Regulation, Mass Tort, Environmental/Toxic Tort, and Securities Litigation cases, as well as insurance coverage claims arising from these case types. Construction Defect cases, currently being electronically filed through File&Serve Xpress (fka Lexis Nexis File&Serve) website, will continue to be electronically filed through that system until further notice.

For cases of the type subject to mandatory eFiling that are initiated on or after March 4, 2013, all documents **must be filed electronically**, subject to the exceptions set forth below.

For cases of the type subject to mandatory eFiling that are already pending as of March 3, 2013, and provided that the case has been

Revised 11-5-13

imaged by the court, all documents filed on or after March 4, 2013 **must be filed electronically**, subject to the exceptions set forth below.

A party may request to be excused from mandatory electronic filing requirements. This request must be in writing and may be made by ex parte application to the judge or department to whom the case is assigned. The clerk will not accept or file any documents in paper form that are required to be filed electronically, absent a court order allowing the filing.

Self-represented litigants are not required to eFile in a mandatory eFile case; however, they may eFile if they choose to do so and/or are otherwise ordered to eFile by the court.

## **REQUIREMENTS FOR ALL eFILERS**

eFile documents can only be filed through the court's Electronic Filing and Service Provider (the "Provider"). See www.onelegal.com.

eFilers must comply with CRC 2.250 – 2.261. Also, all documents electronically filed must be in a pdf format using Adobe Acrobat version 7 or higher that is also a text searchable format, i.e. OCR. The court is unable to accept documents that do not comply with these requirements, or documents that include but are not limited to: digitized signatures, fillable forms, or a negative image.

Revised 11-5-13

Documents that contain exhibits must be bookmarked, as set forth on the Provider's site. Documents no so bookmarked are subject to rejection. Moving papers with exhibits that are not bookmarked will be rejected. (See CRC 3.1110(f) with bookmarking being the substitute for plastic tabs in electronically filed documents.)

Exhibits to be considered via a Notice of Lodgment shall not be attached to the electronically filed Notice of Lodgment; instead, the submitting party must provide the assigned department with hard copies of the exhibits with a copy of the Notice of Lodgment that include the eFiling Transaction ID# noted in the upper right hand corner.

Unless otherwise required by law, per CRC 1.20 (b) only the last four digits of a social security or financial account number may be reflected in court case filings. Exclusion or redaction is the responsibility of the filer, not the clerk, CRC 1.20(b)(3). Failure to comply with this requirement may result in monetary sanctions, CRC 2.30(b).

Proposed filings, such as proposed court orders and amended complaints, should be submitted as an exhibit and then re-submitted as a separate and new eFiling transaction once the Court has ruled on the matter to which the proposed document applies. See also CRC 3.1312.

Any document filed electronically shall be considered as filed with the Clerk of the Superior Court when it is first transmitted to the vendor and the

Revised 11-5-13

transmission is completed, except that any document filed on a day that the court is not open for business, or after 5:00 p.m. (Pacific Standard Time) on a day the court is open for business, **shall be deemed to have been filed on the next court day**.

Please be advised that you must schedule a motion hearing date directly with the Independent Calendar Department.   A motion filed without an appointment, even when a conformed copy of the filing is provided by the court, is not scheduled and the hearing will not occur.

If a hearing is set within 2 court days of the time documents are electronically filed, litigant(s) must provide hard copies of the documents to the court. Transaction ID numbers must be noted on the documents to the extent it is feasible to do so.  Hard copies for Ex Parte hearings must be delivered directly to the department on or before 12 Noon the court day immediately preceding the hearing date.

An original of all documents filed electronically, including original signatures, shall be maintained by the party filing the document, pursuant to CRC 2.257.

## <u>DOCUMENTS INELIGIBLE FOR ELECTRONIC FILING</u>

The following documents are **not eligible for eFiling** in cases subject to either mandatory or permissive filing, and shall be filed in paper form:

Revised 11-5-13

- Safe at Home Name Change Petitions
- Civil Harassment TRO / RO
- Workplace Violence TRO / RO
- Elder Abuse TRO / RO
- Transitional Housing Program Misconduct TRO / RO
- School Violence Prevention TRO / RO
- Out-of-State Commission Subpoena
- Undertaking / Surety Bonds
- Request for Payment of Trust Funds
- Writs
- Notice of Appeal of Labor Commissioner
- Abstracts
- Warrants
- Settlement Conference Briefs (to be lodged)
- Confidential document lodged conditionally under seal
- Interpleader actions pursuant to CC2924j

The following documents **may be filed in paper form**, unless the court expressly directs otherwise:

- Documents filed under seal or provisionally under seal pursuant to CRC 2.551 (although the motion to file under seal itself must be electronically filed)

Page 6 of 7

- Exhibits to declarations that are real objects, i.e. construction materials, core samples, etc. or other documents, i.e. plans, manuals, etc., which otherwise may not be comprehensibly viewed in an electronic format may be filed in paper form

## DOCUMENTS DISPLAYED ON THE PUBLIC-FACING REGISTER OF ACTIONS

Any documents submitted for eFiling (and accepted) will be filed and displayed on the San Diego Superior Court's public-facing Register of Actions with the exception of the following documents:

- CASp Inspection Report
- Confidential Cover Sheet – False Claims Action
- Confidential Statement of Debtor's Social Security Number
- Financial Statement
- Request for Accommodations by Persons with Disabilities and Court's Response
- Defendant / Respondent Information for Order Appointing Attorney Under Service Members Civil Relief Act
- Request to Waive Court Fees
- Request to Waive Additional Court Fees

Documents not included in the list above, that are intended to be kept confidential, should NOT be eFiled with the court.

Revised 11-5-13

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

| | |
|---|---|
| STREET ADDRESS: | 330 W Broadway |
| MAILING ADDRESS: | 330 W Broadway |
| CITY AND ZIP CODE: | San Diego, CA 92101-3827 |
| BRANCH NAME: | Central |
| TELEPHONE NUMBER: | (619) 450-7068 |

PLAINTIFF(S) / PETITIONER(S):   JOSEPH RILEY et.al.

DEFENDANT(S) / RESPONDENT(S):  Ally Financial Inc

JOSEPH RILEY VS. ALLY FINANCIAL INC [E-FILE]

| NOTICE OF CASE ASSIGNMENT AND CASE MANAGEMENT CONFERENCE on MANDATORY eFILE CASE | CASE NUMBER: 37-2014-00007960-CU-BT-CTL |
|---|---|

**CASE ASSIGNMENT**

Judge:  Judith F. Hayes                                        Department: C-68

**COMPLAINT/PETITION FILED:** 03/24/2014

| TYPE OF HEARING SCHEDULED | DATE | TIME | DEPT | JUDGE |
|---|---|---|---|---|
| Civil Case Management Conference | 12/05/2014 | 10:00 am | C-68 | Judith F. Hayes |

A case management statement must be completed by counsel for all parties or self-represented litigants and timely filed with the court at least 15 days prior to the initial case management conference. (San Diego Local Rules, Division II, CRC Rule 3.725).

All counsel of record or parties in pro per shall appear at the Case Management Conference, be familiar with the case, and be fully prepared to participate effectively in the hearing, including discussions of ADR* options.

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT), THE ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION FORM (SDSC FORM #CIV-730), A STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR) (SDSC FORM #CIV-359), AND OTHER DOCUMENTS AS SET OUT IN SDSC LOCAL RULE 2.1.5.

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

TIME STANDARDS: The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time. General civil cases consist of all civil cases except: small claims proceedings, civil petitions, unlawful detainer proceedings, probate, guardianship, conservatorship, juvenile, parking citation appeals, and family law proceedings.

COMPLAINTS: Complaints and all other documents listed in SDSC Local Rule 2.1.5 must be served on all named defendants, and a Certificate of Service (SDSC form #CIV-345) filed within 60 days of filing.

DEFENDANT'S APPEARANCE: Defendant must generally appear within 30 days of service of the complaint. (Plaintiff may stipulate to no more than 15 day extension which must be in writing and filed with the Court.) (SDSC Local Rule 2.1.6)

JURY FEES: In order to preserve the right to a jury trial, one party for each side demanding a jury trial shall pay an advance jury fee in the amount of one hundred fifty dollars ($150) on or before the date scheduled for the initial case management conference in the action.

MANDATORY eFILE: Case assigned to mandatory eFile program per CRC 3.400-3.403 and SDSC Rule 2.4.11. All documents must be eFiled at www.onelegal.com. Refer to General Order 010313 at www.sdcourt.ca.gov for guidelines and procedures.

*ALTERNATIVE DISPUTE RESOLUTION (ADR): THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO TRIAL, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. PARTIES MAY FILE THE ATTACHED STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (SDSC FORM #CIV-359).

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | | CASE NUMBER: |
|---|---|---|
| STREET ADDRESS: 330 W Broadway | | |
| MAILING ADDRESS: 330 W Broadway | | |
| CITY AND ZIP CODE: San Diego, CA 92101-3827 | | |
| BRANCH NAME: Central | | |
| TELEPHONE NUMBER: (619) 450-7068 | | |

| PLAINTIFF(S) / PETITIONER(S): JOSEPH RILEY et.al. |
|---|

| DEFENDANT(S) / RESPONDENT(S): Ally Financial Inc |
|---|

| JOSEPH RILEY VS. ALLY FINANCIAL INC [E-FILE] |
|---|

| NOTICE OF CASE ASSIGNMENT AND CASE MANAGEMENT CONFERENCE on MANDATORY eFILE CASE | CASE NUMBER: 37-2014-00007960-CU-BT-CTL |
|---|---|

**CASE ASSIGNMENT**

Judge: Judith F. Hayes                                    Department: C-68

**COMPLAINT/PETITION FILED: 03/24/2014**

| TYPE OF HEARING SCHEDULED | DATE | TIME | DEPT | JUDGE |
|---|---|---|---|---|
| Civil Case Management Conference | 12/05/2014 | 10:00 am | C-68 | Judith F. Hayes |

A case management statement must be completed by counsel for all parties or self-represented litigants and timely filed with the court at least 15 days prior to the initial case management conference. (San Diego Local Rules, Division II, CRC Rule 3.725).

All counsel of record or parties in pro per shall appear at the Case Management Conference, be familiar with the case, and be fully prepared to participate effectively in the hearing, including discussions of ADR* options.

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT), THE ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION FORM (SDSC FORM #CIV-730), A STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR) (SDSC FORM #CIV-359), AND OTHER DOCUMENTS AS SET OUT IN SDSC LOCAL RULE 2.1.5.

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

TIME STANDARDS: The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time. General civil cases consist of all civil cases except: small claims proceedings, civil petitions, unlawful detainer proceedings, probate, guardianship, conservatorship, juvenile, parking citation appeals, and family law proceedings.

COMPLAINTS: Complaints and all other documents listed in SDSC Local Rule 2.1.5 must be served on all named defendants, and a Certificate of Service (SDSC form #CIV-345) filed within 60 days of filing.

DEFENDANT'S APPEARANCE: Defendant must generally appear within 30 days of service of the complaint. (Plaintiff may stipulate to no more than 15 day extension which must be in writing and filed with the Court.) (SDSC Local Rule 2.1.6)

JURY FEES: In order to preserve the right to a jury trial, one party for each side demanding a jury trial shall pay an advance jury fee in the amount of one hundred fifty dollars ($150) on or before the date scheduled for the initial case management conference in the action.

MANDATORY eFILE: Case assigned to mandatory eFile program per CRC 3.400-3.403 and SDSC Rule 2.4.11. All documents must be eFiled at www.onelegal.com. Refer to General Order 010313 at www.sdcourt.ca.gov for guidelines and procedures.

*ALTERNATIVE DISPUTE RESOLUTION (ADR): THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO TRIAL, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. PARTIES MAY FILE THE ATTACHED STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (SDSC FORM #CIV-359).



## SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION

CASE NUMBER: 37-2014-00007960-CU-BT-CTL   CASE TITLE:

Joseph Riley vs. Ally Financial Inc [E-FILE]

**NOTICE:** All plaintiffs/cross-complainants in a general civil case are required to serve a copy of the following three forms on each defendant/cross-defendant, together with the complaint/cross-complaint:
> (1) this Alternative Dispute Resolution (ADR) Information form (SDSC form #CIV-730),
> (2) the Stipulation to Use Alternative Dispute Resolution (ADR) form (SDSC form #CIV-359), _and_
> (3) the Notice of Case Assignment form (SDSC form #CIV-721).

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts, community organizations, and private providers offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. The San Diego Superior Court expects that litigants will utilize some form of ADR as a mechanism for case settlement before trial, and it may be beneficial to do this early in the case.

Below is some information about the potential advantages and disadvantages of ADR, the most common types of ADR, and how to find a local ADR program or neutral. A form for agreeing to use ADR is attached (SDSC form #CIV-359).

### Potential Advantages and Disadvantages of ADR
ADR may have a variety of advantages or disadvantages over a trial, depending on the type of ADR process used and the particular case:

| Potential Advantages | Potential Disadvantages |
|---|---|
| • Saves time | • May take more time and money if ADR does not resolve the dispute |
| • Saves money | |
| • Gives parties more control over the dispute resolution process and outcome | • Procedures to learn about the other side's case (discovery), jury trial, appeal, and other court protections may be limited or unavailable |
| • Preserves or improves relationships | |

### Most Common Types of ADR
You can read more information about these ADR processes and watch videos that demonstrate them on the court's ADR webpage at http://www.sdcourt.ca.gov/adr.

**Mediation:** A neutral person called a "mediator" helps the parties communicate in an effective and constructive manner so they can try to settle their dispute. The mediator does not decide the outcome, but helps the parties to do so. Mediation is usually confidential, and may be particularly useful when parties want or need to have an ongoing relationship, such as in disputes between family members, neighbors, co-workers, or business partners, or when parties want to discuss non-legal concerns or creative resolutions that could not be ordered at a trial.

**Settlement Conference:** A judge or another neutral person called a "settlement officer" helps the parties to understand the strengths and weaknesses of their case and to discuss settlement. The judge or settlement officer does not make a decision in the case but helps the parties to negotiate a settlement. Settlement conferences may be particularly helpful when the parties have very different ideas about the likely outcome of a trial and would like an experienced neutral to help guide them toward a resolution.

**Arbitration:** A neutral person called an "arbitrator" considers arguments and evidence presented by each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are usually relaxed. If the parties agree to binding arbitration, they waive their right to a trial and agree to accept the arbitrator's decision as final. With nonbinding arbitration, any party may reject the arbitrator's decision and request a trial. Arbitration may be appropriate when the parties want another person to decide the outcome of their dispute but would like to avoid the formality, time, and expense of a trial.

**Other ADR Processes:** There are several other types of ADR which are not offered through the court but which may be obtained privately, including neutral evaluation, conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR processes. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute. Be sure to learn about the rules of any ADR program and the qualifications of any neutral you are considering, and about their fees.

## Local ADR Programs for Civil Cases

**Mediation:** The San Diego Superior Court maintains a Civil Mediation Panel of approved mediators who have met certain minimum qualifications and have agreed to charge $150 per hour for each of the first two (2) hours of mediation and their regular hourly rate thereafter in court-referred mediations.

On-line mediator search and selection: Go to the court's ADR webpage at www.sdcourt.ca.gov/adr and click on the "Mediator Search" to review individual mediator profiles containing detailed information about each mediator including their dispute resolution training, relevant experience, ADR specialty, education and employment history, mediation style, and fees and to submit an on-line Mediator Selection Form (SDSC form #CIV-005). The Civil Mediation Panel List, the Available Mediator List, individual Mediator Profiles, and Mediator Selection Form (CIV-005) can also be printed from the court's ADR webpage and are available at the Mediation Program Office or Civil Business Office at each court location.

**Settlement Conference:** The judge may order your case to a mandatory settlement conference, or voluntary settlement conferences may be requested from the court if the parties certify that: (1) settlement negotiations between the parties have been pursued, demands and offers have been tendered in good faith, and resolution has failed; (2) a judicially supervised settlement conference presents a substantial opportunity for settlement; and (3) the case has developed to a point where all parties are legally and factually prepared to present the issues for settlement consideration and further discovery for settlement purposes is not required. Refer to SDSC Local Rule 2.2.1 for more information. To schedule a settlement conference, contact the department to which your case is assigned.

**Arbitration:** The San Diego Superior Court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience. Refer to SDSC Local Rules Division II, Chapter III and Code Civ. Proc. § 1141.10 et seq or contact the Arbitration Program Office at (619) 450-7300 for more information.

More information about court-connected ADR: Visit the court's ADR webpage at www.sdcourt.ca.gov/adr or contact the court's Mediation/Arbitration Office at (619) 450-7300.

**Dispute Resolution Programs Act (DRPA) funded ADR Programs:** The following community dispute resolution programs are funded under DRPA (Bus. and Prof. Code §§ 465 et seq.):
- In Central, East, and South San Diego County, contact the National Conflict Resolution Center (NCRC) at www.ncrconline.com or (619) 238-2400.
- In North San Diego County, contact North County Lifeline, Inc. at www.nclifeline.org or (760) 726-4900.

**Private ADR:** To find a private ADR program or neutral, search the Internet, your local telephone or business directory, or legal newspaper for dispute resolution, mediation, settlement, or arbitration services.

## Legal Representation and Advice

To participate effectively in ADR, it is generally important to understand your legal rights and responsibilities and the likely outcomes if you went to trial. ADR neutrals are not allowed to represent or to give legal advice to the participants in the ADR process. If you do not already have an attorney, the California State Bar or your local County Bar Association can assist you in finding an attorney. Information about obtaining free and low cost legal assistance is also available on the California courts website at www.courtinfo.ca.gov/selfhelp/lowcost.

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF  SAN DIEGO | FOR COURT USE ONLY |
|---|---|
| STREET ADDRESS:  330 West Broadway  <br> MAILING ADDRESS:  330 West Broadway  <br> CITY, STATE, & ZIP CODE: San Diego, CA  92101-3827  <br> BRANCH NAME:  Central | |

| PLAINTIFF(S):   JOSEPH RILEY et.al. |
|---|
| DEFENDANT(S): Ally Financial Inc |
| SHORT TITLE:   JOSEPH RILEY VS. ALLY FINANCIAL INC [E-FILE] |

| STIPULATION TO USE ALTERNATIVE <br> DISPUTE RESOLUTION (ADR) | CASE NUMBER: <br> 37-2014-00007960-CU-BT-CTL |
|---|---|

Judge: Judith F. Hayes                                   Department: C-68

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution (ADR) process.  Selection of any of these options will not delay any case management timelines.

☐  Mediation (court-connected)              ☐  Non-binding private arbitration

☐  Mediation (private)                      ☐  Binding private arbitration

☐  Voluntary settlement conference (private)   ☐  Non-binding judicial arbitration (discovery until 15 days before trial)

☐  Neutral evaluation (private)             ☐  Non-binding judicial arbitration (discovery until 30 days before trial)

☐  Other (specify e.g., private mini-trial, private judge, etc.): _____

_____

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: (Name)  _____

_____

_____

Alternate neutral (for court Civil Mediation Program and arbitration only): _____

Date: _____              Date: _____

_____              _____
Name of Plaintiff                            Name of Defendant

_____              _____
Signature                                    Signature

_____              _____
Name of Plaintiff's Attorney                 Name of Defendant's Attorney

_____              _____
Signature                                    Signature

If there are more parties and/or attorneys, please attach additional completed and fully executed sheets.

It is the duty of the parties to notify the court of any settlement pursuant to Cal. Rules of Court, rule 3.1385.  Upon notification of the settlement, the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court.

IT IS SO ORDERED.

Dated: 03/24/2014                                      _____
                                                      JUDGE OF THE SUPERIOR COURT

| SDSC CIV-359 (Rev 12-10) | STIPULATION TO USE OF ALTERNATIVE DISPUTE RESOLUTION | Page: 1 |
|---|---|---|